UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**JUDGE McKENNA**

-----------------------------------------------------------------x

JOYCE KELLY,

Civil Action No.: **08 CV 0518**

                Plaintiff,

-against-

**NOTICE OF REMOVAL**

HOME DEPOT U.S.A., INC.,

                Defendant.



RECEIVED
JAN 18 2008
U.S.D.C. S.D. N.Y.
CASHIERS

-----------------------------------------------------------------x

To The Honorable Judges of The United States District Court for The Southern District of New York:

      Removing party, Home Depot U.S.A., Inc. ("Home Depot"), by its attorneys, D'Amato & Lynch, LLP, respectfully shows this Court:

      1.     Home Depot is the defendant in the above-entitled action.

      2.     On or about August 7, 2007, the above-entitled action was commenced against Home Depot by the filing of a summons with notice in the Supreme Court of the State of New York, County of Bronx, under Index No. 18388/07, and is now pending therein. A copy of the Summons & Complaint is annexed as Exhibit "A".

      3.     On or about August 17, 2007, CT Corporation was served with a summons and complaint in the above-entitled action.

      4.     Home Depot served its Answer to the Complaint on September 21,

#288404v1

2007, together with a Request for a Supplemental Demand. A copy of Home Depot's Answer and Demand is annexed as Exhibit "B".

5.    On or about January 7, 2008, counsel for Home Depot received a response to Home Depot's Request for a Supplemental Demand from plaintiff by demanding $5,000,000.00 in damages. (See Exhibit "C").

6.    No further proceedings have been held herein in the Supreme Court of the State of New York, County of Bronx, except that counsel for plaintiff has requested a preliminary conference.

7.    Pursuant to plaintiff's Demand, the amount in controversy in the above-entitled action, exclusive of interest and costs, exceeds $75,000.00.

8.    Plaintiffs, by their own admission, are residents of the State of New York.

9.    Home Depot is a corporation duly organized and existing pursuant to the laws of the State of Delaware, having its principal office in the State of Georgia.

10.    The above-entitled action is a personal injury action to recover damages for injuries allegedly sustained by the plaintiffs.

11.    Plaintiff alleges that her injuries were caused by the negligence of Home Depot.

12.    This Court has original jurisdiction of the above-entitled action pursuant to 28 U.S.C. §1332, and the action may therefore be removed to this Court pursuant to 28 U.S.C. §1441(b).

13.    This notice is timely filed pursuant to 28 U.S.C. §1446.

WHEREFORE, removing party Home Depot U.S.A., Inc. prays that the above-entitled action be removed from the Supreme Court of the State of New York, County of Bronx to this Court.

Dated: New York, New York
      January 18, 2008

D'AMATO & LYNCH, LLP

By: _Megan Marchick_____

MEGAN MARCHICK, ESQ.
Attorneys for Defendant
HOME DEPOT U.S.A., INC.
70 Pine Street
New York, New York 10270
(212) 269-0927

To:    Mark Rubin, Esq.
       Attorney for Plaintiff
       Office and P.O. Address
       3413 White Plains Road
       Bronx, New York 10467
       (718) 231-1515

#288404v1

# EXHIBIT A



**CORPORATION SERVICE COMPANY**

# Notice of Service of Process

TVW / ALL
Transmittal Number: 5295183
Date Processed: 08/17/2007

| | |
|---|---|
| **Primary Contact:** | Nancy Bunker<br>The Home Depot, Inc.<br>2455 Paces Ferry Rd SE<br>Atlanta, GA 30339-1834 |
| **Copy of transmittal only provided to:** | Quinessa Malcolm |

| | |
|---|---|
| **Entity:** | Home Depot U.S.A., Inc.<br>Entity ID Number 2483807 |
| **Entity Served:** | Home Depot U.S.A., Inc |
| **Title of Action:** | Joyce Kelly vs. Home Depot U.S.A., Inc |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Personal Injury |
| **Court:** | Bronx Supreme Court, New York |
| **Case Number:** | 18388/07 |
| **Jurisdiction Served:** | New York |
| **Date Served on CSC:** | 08/17/2007 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | NY Secretary of State on 08/15/2007 |
| **How Served:** | Certified Mail |
| **Plaintiff's Attorney:** | Mark B. Rubin<br>718-231-1515 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road  Wilmington, DE 19808  (888) 690-2882  |  sop@cscinfo.com

State of New York - Department of State
Division of Corporations

Party Served:                                Plaintiff/Petitioner:
 HOME DEPOT U.S.A., INC.                      KELLY, JOYCE


 C/O CORPORATION SERVICE COMPANY
 80 STATE STREET
 ALBANY,  NY 12207-2543


Dear Sir/Madam:
Enclosed herewith is a legal document which was served upon the Secretary of
State on 08/15/2007 pursuant to SECTION 306 OF THE BUSINESS CORPORATION LAW.
This copy is being transmitted pursuant to such statute to the address
provided for such purpose.


                                        Very truly yours,
                                      Division of Corporations

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

Index No.: / 8 3 8 8/0 7

-----------------------------------------------------------------------x

JOYCE KELLY,

                                    Plaintiff,

        -against-

HOME DEPOT U.S.A., INC.

                                    Defendant.

-----------------------------------------------------------------------x

Plaintiff   designates
**BRONX**
County as the place of trial

The basis of the venue is
**Plaintiff's residence**

# SUMMONS

Plaintiff resides at
**239 East 234th Street**
County of BRONX

To the above named Defendant

        **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a
copy of your answer, or, if the complaint is not served with this summons, to serve a notice of
appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this summons, exclusive of
the day of service (or within 30 days after the service is complete if this summons is not personally
delivered to you within the State of New York); and in case of your failure to appear or answer,
judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Bronx, New York
        August 7, 2007

*Mark B. Rubin*

**MARK B. RUBIN**
Attorney(s) for Plaintiff
Post Office Address
3413 White Plains Road.
Bronx, New York 10467
(718) 231-1515

the defendant, its agents, servants, and/or employees controlled a store located at 601 Sprain Road,

Yonkers, Bronx, New York

SEVENTH:    That on the 14th day of July, 2007, while this plaintiff was lawfully,

carefully and properly walking on, over and along the floor, in the Garden Center, inside of the store

located at 601 Sprain Road, Yonkers, New York she was caused to and did fall, causing her to suffer

and sustain the severe and serious injuries hereinafter alleged.

EIGHTH:    That the aforesaid occurrence was due by reason of the negligence of

the defendant, its agents, servants, employees, designees, representatives, licensees and lessees, in

owning, operating, managing, maintaining and controlling its aforesaid premises in a careless,

reckless, dangerous, negligent, improper, imprudent and wanton manner, and more particularly in

failing to keep the floors in the store in a safe condition; in improperly servicing, maintaining, and

inspecting the said floor; in negligently, and improperly causing, creating, permitting, maintaining

and suffering a portion of a floor display to come into, be, remain, and exist on the floor so as to

create a trap, nuisance, menace and tripping hazard; in failing to provide a safe floor for persons, and

more particularly this plaintiff to traverse; in causing, creating, permitting, maintaining and suffering

a dangerous condition to be, remain, and exist on, over and along the floor of the aforesaid store; in

having insufficient, inadequate and/or incompetent help; in violating the applicable rules, statutes,

ordinances, and regulations in such cases made and provided and the defendant was otherwise

negligent.

NINTH:    That by reason of the foregoing, this plaintiff was caused to suffer and sustain

severe and serious injuries in and about her head, face, body, and limbs, some of which are believed

to be permanent, thereby rendering her sick, sore, lame and disabled, causing her to suffer and she

2

still suffers, and upon information and belief, she will in the future suffer great physical pain, mental

anguish and suffering; causing her to be confined to her bed and/or home for a great length of time;

causing her to be unable to pursue and she is still unable to fully pursue her usual vocation and

activities, and upon information and belief, she will in the future be unable to fully perform her usual

vocation and activities; causing her to expend and have expended on her behalf and she will, upon

information and belief, in the future, be caused to expend and have expended on her behalf divers

sums of money for medical aid and assistance in an effort to cure herself of her injuries, and she was

otherwise damaged in a sum in excess of the upper monetary jurisdictional limit of all lower courts.

Wherefore, Plaintiff demands judgment against the defendant in  in a sum in excess of the

upper monetary jurisdictional limits of all lower courts all together with the costs, interest and

disbursements of this action.

MARK B. RUBIN
Attorney for Plaintiffs
Office and P.O. Address
3413 White Plains Road
Bronx, New York 10467
(718) 231-1515

3

STATE OF NEW YORK, COUNTY OF BRONX                    ss:

       JOYCE KELLY                    being sworn says: I am plaintiff

[ X ]    in the action herein; I have read the annexed    SUMMONS AND VERIFIED
                                            COMPLAINT

Individual    know the contents thereof and the same are true to my knowledge,
Verification   except those matters therein which are stated to be alleged on information
            and belief, and as to those matters I believe them to be true.


                                         Joyce E. Kelly
                                    (Print signer's name below signature)

                            JOYCE KELLY

Sworn to before me on    08/07/2007

        MARK B. RUBIN
    Notary Public, State of New York
        No. 02RU4839597
    Qualified in Westchester County
  Commission Expires January 31, 2010

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF BRONX**

JOYCE KELLY,

          Plaintiff,                 **INDEX NO.:**

   - against -

HOME DEPOT U.S.A., INC.

          Defendant,

## SUMMONS AND VERIFIED COMPLAINT

**MARK B. RUBIN**
Attorney for Plaintiff
3413 White Plains Road
Bronx, New York 10467
(718) 231-1515

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

Dated:...................................      Signature...................................

                      Print Signer's Name...................................

Service of a Copy of the within               is hereby admitted.

Dated:  .                     ...................................
                     Attorney(s) for

PLEASE TAKE NOTICE

☐     that the within is a (certified) true copy of a
      entered in the office of the clerk of the within named Court

**Notice of Entry**

☐     that an Order of which the within is a true copy will be presented for
      settlement to the Hon.            one of the judges of the
      within named Court,

      at

**Notice of Settlement**

      on                 , at       M.

Dated:                         **MARK B. RUBIN**
                               Attorney for Plaintiff (s)
                               3413 White Plains Road
                               Bronx, New York 10467
                               (718) 231-1515

To:
Attorney(s) for

02 1A                    $
0004374734        M
MAILED FROM ZIP C

**DEPARTMENT OF STATE**
UNIFORM COMMERCIAL CODE
41 STATE STREET
ALBANY, NY 12231-0001

008-4246 (11/08)

/O CORPORATION SERVICE COMPANY
10 STATE STREET
ALBANY, NY 12207-2543

Sender:

New York State Department of State
41 State Street
Albany, NY 12231

**Receipt # 200708150165**

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature: ( ☐ *Addressee or* ☐ *Agent*)

X

B. Received By: *(Please Print Clearly)*

C. Date of Delivery

D. Addressee's Address *(If Different From Address Used by Sender.)*

Secondary Address / Suite / Apt. / Floor   *(Please Print Clearly)*

Delivery Address

City                    State    ZIP + 4 Code

**CERTIFIED MAIL**

7111 5495 5583 1568 0408

**RETURN RECEIPT REQUESTED**

Article Addressed To:

HOME DEPOT U.S.A., INC.
C/O CORPORATION SERVICE COMPANY
80 STATE STREET
ALBANY, NY 12207-2543

Document 1015934 : Original Document

**Documents selected that did not print:**
-----------------------------------------------------------

All Documents Printed.

# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

-----------------------------------------------------------------X

JOYCE KELLY,                                              **Index No.: 18388/07**

                      Plaintiff,

              -against-                        **<u>VERIFIED ANSWER</u>**

THE HOME DEPOT U.S.A. INC.,

                  Defendant.

-----------------------------------------------------------------X

      Defendant, HOME DEPOT U.S.A., INC., by its attorneys, D'AMATO & LYNCH, LLP,

as and for its answer, alleges as follows:

          1. Admits the allegation set forth in paragraph "1" of the Verified Complaint.

          2. Denies information or knowledge sufficient to form a belief as to the truth of

the allegations set forth in paragraph "2" of the Verified Complaint.

          3. Denies information or knowledge sufficient to form a belief as to the truth of

the allegation set forth in paragraph "3" of the Verified Complaint.

          4. Denies information or knowledge sufficient to form a belief as to the truth of

the allegations set forth in paragraph "4" of the Verified Complaint.

          5. Denies information or knowledge sufficient to form a belief as to the truth of

the allegations set forth in paragraph "5" of the Verified Complaint.

          6. Denies information or knowledge sufficient to form a belief as to the truth of

the allegations set forth in paragraph "6" of the Verified Complaint.

          7. Denies information or knowledge sufficient to form a belief as to the truth of

the allegations set forth in paragraph "7" of the Verified Complaint.

8. Denies information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the Verified Complaint.

9. Denies information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the Verified Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

10. Upon information and belief, the culpable conduct and comparative and contributory negligence of plaintiff and others contributed to and caused the liability and damages alleged.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

11. Upon information and belief, if plaintiff sustained any injuries or damages as alleged in the Verified Complaint, such injuries or damages were the result of the culpable conduct and/or assumption of risk by plaintiff. If found, however, that the answering defendant is liable to plaintiff herein, which liability is specifically denied, then the answering defendant alleges that, if any damages are found, they are to be apportioned among the parties according to the degree of responsibility that each is found to have for the occurrence, in proportion to the entire measure of responsibility for the occurrence.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

12. Upon information and belief, plaintiff failed to take any, or sufficient, action which was necessary to mitigate or minimize the damages allegedly sustained in this action.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

13. Upon information and belief, at all times relevant herein, plaintiff

#277475v1

engaged in activity that plaintiff knew or should have known of the risks inherent in engaging in

the dangerous, hazardous and threatening activities alleged in the Verified Complaint and hence

assumed the risk of any injuries that may have been sustained as a result thereof.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

14.  Upon information and belief, plaintiff's claims for medical, dental

and/or custodial care, rehabilitation services, loss of earnings or other economic loss are subject

to the provisions of Section 4545(c) of the Civil Practice Law and Rules and any and all such

past or future costs or expenses which were or will be replaced or indemnified, in whole or in

part, from any collateral source are not recoverable in this action.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

15.  Upon information and belief, the alleged injuries of plaintiff, if any,

were caused or contributed to, in whole or in part, by intervening and superseding causative

factors and therefore the claims of plaintiff against the answering defendant should be barred.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

16.  Upon information and belief, this action should not proceed in the

absence of any entities and persons who should be parties.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

17.  Upon information and belief, plaintiff has failed to state a cause of action

upon which relief can be granted as against this defendant.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

18.  The answering defendant not being fully advised as to all of the facts

and circumstances surrounding the incident complained of herein, hereby asserts and reserves

unto itself the defenses of accord and satisfaction, arbitration and award, discharge of

bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, laches, license, payment, release, *res judicata*, Statute of Frauds, Statute of Limitations, waiver, and other matter constituting an avoidance or an affirmative defense which further investigation of this matter may prove applicable herein.

**WHEREFORE,** defendant HOME DEPOT U.S.A., INC. demands judgment dismissing the Complaint as to the answering defendant, together with costs and disbursements of this action awarded to said defendant.

Dated: New York, New York
      September 21, 2007

Yours, etc.,

D'AMATO & LYNCH, LLP

By: _Megan Marchick_

Megan Marchick, Esq.
Attorneys for Defendant
HOME DEPOT U.S.A., INC.
70 Pine Street
New York, New York 10270
(212) 269-0927
**Our File No.: 434-74706**

TO:   Mark Rubin, Esq.
     Attorney for Plaintiff
     3413 White Plains Road
     Bronx, New York 10467
     (718) 231-1515

-4-

# ATTORNEY'S VERIFICATION

Megan Marchick, an attorney duly admitted to practice in the Courts of the State of New York, affirms the following under penalty of perjury, being duly sworn, deposes and says:

1.     I am associated with the law firm of D'AMATO & LYNCH, LLP, the attorneys of record for defendant HOME DEPOT U.S.A., INC., in the within action.

2.     I have read the foregoing VERIFIED ANSWER and know the contents thereof.

3.     The same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and, as to those matters, I believe them to be true.

4.     The reason this Verification is made by me and not by the defendant HOME DEPOT U.S.A., INC. is because said defendant is not within the county where I have my office.

5.     The grounds for my belief as to all matters in the Verified Answer not stated to be upon my knowledge are based upon a review of the file and conversations with the client.


_Megan Marchick_
Megan Marchick


Dated: New York, New York
        September 21, 2007

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

-------------------------------------------------------- X

JOYCE KELLY,

                   Plaintiff,

      -against-

HOME DEPOT U.S.A., INC.,

                  Defendant.

-------------------------------------------------------- X

**Index No.: 18388/07**

**REQUEST FOR
<u>SUPPLEMENTAL DEMAND</u>**

        Pursuant to Section 3017(c) of the Civil Practice Law and Rules, within 15 days from the date of the service of this Demand, you are hereby required to set forth the total damages to which plaintiff deems herself entitled and list same separately for each cause of action or claim.

Dated: New York, New York
        September 21, 2007

                    Yours, etc.,

                    D'AMATO & LYNCH, LLP

      By:     _Megan Hardwick_
                Megan Marchick, Esq.
                Attorneys for Defendant
                HOME DEPOT U.S.A., INC.
                70 Pine Street
                New York, New York  10270
                (212) 269-0927
                **Our File No.:  434-74705**

TO:    Mark B. Rubin, Esq.
       Attorney for Plaintiff
       Office and P.O. Address
       3413 White Plains Road
       Bronx, New York  10467
       (718) 231-1515

#278897v1

# EXHIBIT C

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------------X
JOYCE KELLY,

                                        Plaintiff,

                                                        **COMBINED DISCOVERY**
                                                        **RESPONSES**
           - against -                                  Index No.: 18388/07


HOME DEPOT U.S.A., INC.,

                                        Defendant,
-------------------------------------------------------------------X

        Plaintiff, as and for her Combined Discovery Responses to the Demands of the
Defendant, sets forth as follows:

### Collateral Source Information:

Certain of plaintiff's medical bills were paid by Empire Blue Cross/Medicaid.  An
authorization to enable the defendant to obtain appropriate records with reference thereto
will be furnished when obtained.

### Supplemental Demand:

Plaintiff deems herself entitled to Five Million ($5,000,000.00) Dollars.

### Appearances by Attorneys:

The appearing attorneys are the demanding attorney and the undersigned.

### Insurance Disclosure:

Plaintiff is not in possession of any documents responsive to this item of demand.

### Prior Pleadings:

None.

### Index Number and Proof of Filing:

Attached hereto is proof of the purchase of the index number herein.

### Discovery Records:

1.  Attached hereto is a copy of the affidavit of service herein.

2.-6.  Not Applicable.

7.  Certain of plaintiff's medical bills were paid by Empire Blue Cross/Medicaid. An authorization to enable the defendant to obtain appropriate records with reference thereto will be furnished when obtained.

8.  Not Applicable.

**Discovery Authorizations:**

Attached hereto are the Transfer Summary of Lawrence Hospital Center, the CT Scan report of the pelvis of Lawrence Hospital Center and the medical report of Dr. Jeffrey Cohen dated October 3, 2007.

Authorizations to enable the defendant to obtain the medical records of Lawrence Hospital Center, including the MRI film referred to hereinabove, Dobbs Ferry Community Hospital, St. Cabrini Nursing Home, The Visiting Nurse Service and Dr. Jeffrey Cohen will be furnished when obtained.

**Photographs:**

Attached hereto is a laser copies of a photograph.

**Expert Disclosure:**

Plaintiff has not at this time retained the services of any non-medical experts.

**Combined Discovery & Inspection:**

1. Witnesses: Plaintiff does not at this time know the name or names of any witnesses to the occurrence herein.

2. Party Statements: Plaintiff is not in possession of any statements responsive to this item of demand.

3. Medical Information: Please see response to Discovery Authorizations hereinabove.

4. Photographs: Attached hereto are laser copies of photographs.

5. Income Tax Returns: Lost earnings are not claimed in connection herewith.

6. Employment Authorizations: Lost earnings are not claimed in connection herewith.

**Plaintiff's Residence:**

Plaintiff resides at 239 East 234th Street, Bronx, New York 10470.

**Date of Birth and Social Security Number:**

Plaintiff was born on July 1, 1940. Her social security number is 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.

**Height and Weight:**

Presently unknown.

**Pharmaceutical Records:**

Will be furnished when obtained.

**Employment Records:**

Not Applicable.

Dated: Bronx, New York
       January 7, 2008

*Mark B. Rubin*
MARK B. RUBIN
Attorney for Plaintiff
Office and P.O. Address
3413 White Plains Road
Bronx, New York  10467
(718) 231-1515

TO:    D'AMATO & LYNCH, LLP.
       Attorneys for Defendant
       Office & P.O. Address
       70 Pine Street
       New York, New York 10270
       (212) 269-0927

Bronx County Clerks Office
851 Grand Concourse
Bronx, NY 10451

--------------------------------------------

| | |
|---|---|
| Department: | LAW |
| Transaction No | 1035412 |
| Plaintiff | JOYCE KELLY |
| Defendant | HOME DEPOT U. |
| IndexNo | 18388-2007 |
| Type: | R |

| | |
|---|---|
| Amount Due: | $210.00 |
| amount Rcvd | $210.00 |
| Change Due: | $0.00 |

Date:        08/08/0
Time:        02:58 PM

State of New York - Department of State
Receipt for Service

Receipt #:  200708150165
Date of Service:  08/15/2007
Service Company:  37 UNITED CORPORATE SERVICES - 37

Cash #:  200708150164
Fee Paid: $40 - DRAWDOWN

Service was directed to be made pursuant to:  SECTION 306 OF THE BUSINESS
    CORPORATION LAW

Party Served:  HOME DEPOT U.S.A., INC.


Plaintiff/Petitioner:
            KELLY, JOYCE



Service of Process Address:
C/O CORPORATION SERVICE COMPANY
80 STATE STREET
ALBANY,   NY 12207-2543

                                        Secretary of State
                                        By   CAROL VOGT

AFFIDAVIT OF SERVICE ON A CORPORATIONTHROUGH THE SECRETARY OF STATE

State of New York                                          Supreme Court, County of Bronx

JOYCE KELLY,                                               Plaintiff

                                    Against

HOME DEPOT U.S.A., INC.,                                   Defendants

STATE OF NEW YORK  )
                   )ss:
COUNTY OF ALBANY   )

     Michael Smith, being duly sworn, deposes and says that he is over the age of eighteen (18) years;
that on the 15th day of August, 2007 at the Office of the Secretary of State of the State of New York in the
City of Albany, New York, he served the annexed  Summons and Verified Complaint upon Home Depot
U.S.A., Inc.,   Defendant in this action, by delivering to and leaving with Carol Vogt, a clerk in the Office
of the Secretary of State of the State of New York personally at the Office of the Secretary of State of the
State of New York two (2) true copies thereof and that at the time of making such service, deponent paid
said Secretary of State a fee of $40.00.  That said service was made pursuant to Section 306 of the Business
Corporation Law.

Deponent further says that he knew the person so served as aforesaid to be a clerk in the Office of the
Secretary of State of New York, duly authorized to accept such service on behalf of said defendant.

Deponent further states that he describes the person actually served as follows:

| Sex | Skin Color | Hair Color | Age | Height | Weight |
|-----|-----------|-----------|-----|--------|--------|
| ( )Male | ( )Black | ( )Light | (45) | ( 5'2" ) | ( 130. lbs ) |
| ( X )Female | (X)White | ( X) Med. | | | |
| | ( ) | ( ) Dark | | | |
| | | ( ) | | | |

Other Identifying Features:

                                                       _Michael Smith_
                                                Michael Smith

Sworn to me this 16th day of August, 2007

_Notary Public_

JAMES T MARTIN
Notary Public State of New York
No. 01MA5033349
Qualified in Albany County
Commission Expires Sept.19, 2010

# TRANSFER SUMMARY

## LAWRENCE HOSPITAL CENTER
### 55 Palmer Avenue
### Bronxville, New York  10708

**Patient Name:** KELLY,JOYCE
**Med Rec #:**    L000573201
**Date of Birth:** 07/01/1940
**Account #:**    V00027272350

**Admit/Reg Date:** 06/14/07
**Location:**       L5S  L526-A
**Transfer Date:**
**Report #:**       0621-0090

Attending physicians:  Dr. Binder, Dr. Morelli, Dr. Nudelman.

Chief complaint:  Pain after falling.

History of present illness:  The patient fell at home, came to the emergency room, was found to have a right pelvic fracture as well as a fracture of the lumbosacral spine.  Because of the severity of her pain and inability to walk and shortness of breath she was admitted.

Past medical history:  Chronic obstructive lung disease, hypertension, osteoporosis, and hyperlipidemia.  She is status post cholecystectomy and abdominal hysterectomy.

Family and social history:  She is married and still smokes.

Review of systems:  Includes some cough and sputum production.

Physical examination:  Shows a thin, well-developed woman in moderately severe distress at rest.  Blood pressure is 130/70 with a pulse rate of 96.  Head and neck exam show no jugular venous distention.  Chest shows diffuse coarse expiratory wheezing throughout all lung fields.  The cardiac rhythm is regular. The abdomen is benign.  The extremities show no clubbing, cyanosis, or edema, but she has difficulty moving her lower extremities due to pain.  Neurologic exam shows no focal deficits.

Laboratory data:  Can be reviewed in the chart.  Of note is that her white count at admission was 18,500.  This initially fell to 10,900, but then rose to 23,000 on the day prior to discharge.  A white count from today is pending and if it is starting to go back towards normal she will be discharged. Chemistries on admission were remarkable for sodium of 128 which rose to 130 prior to discharge.  Her potassium was normal on admission, although during the hospital stay became severe depressed and was 4.4 prior to discharge.  Arterial blood gas analysis on oxygen showed a pO2 of 65.  A stool for C. difficile was negative and urine cultures were negative.

Chest x-ray showed no definite infiltrate.  Spine films and pelvic films showed the pelvic fracture and the lumbosacral spine fracture.  There is a possibility of an aortic aneurysm raised, but an ultrasound of the abdomen did not confirm this.

Hospital course:  The patient was initially treated with pain medication, oral steroid therapy, and antibiotic therapy for exacerbation of underlying obstructive lung disease.  During the hospital stay she developed severe diarrhea with a rise in her white count.  C. difficile was ruled out and the patient is responding to treatment with Imodium and a reduction in medication such as stool softeners.

If the patient's white blood cell count is improving she will be discharged today, despite her persistent chest congestion, as it is felt that her rehab is very important and her underlying lung disease should continue to improve on antibiotic and steroid therapy at rehab.

Final diagnoses:
1. Pelvic fracture.
2. Lumbosacral spine fracture.
3. Severe chronic obstructive lung disease.
4. History of hypertension.
5. Hyperlipidemia.

Discharge medications:
1. Levaquin 250 mg p.o. daily.
2. Aerosol therapy with albuterol q.i.d.
3. Miacalcin nasal sprain 1 spray daily, alternate nostrils.
4. Calcium 500 mg.
5. Vitamin D 400 units b.i.d.
6. Colace 100 mg p.o. b.i.d.
7. Hydrochlorothiazide 25 mg p.o. daily.
8. Aerosol therapy with Atrovent 0.5 mg q.i.d.
9. Imodium 4 mg p.o. q.i.d. after each loose stool.
10. Protonix 40 mg p.o. daily.
11. Potassium 20 mEq p.o. b.i.d.
12. Pravachol 20 mg p.o. h.s.
13. Accupril 40 mg p.o. daily.
14. Verapamil 180 mg p.o. b.i.d.
15. Spiriva 1 capsule daily.
16. Prednisone 15 mg p.o. b.i.d. to be slowly tapered depending on her clinical course.
17. Percocet 1 q. 4 h p.r.n. pain.
18. Robaxin 500 mg p.o. t.i.d. p.r.n.
19. Reglan 10 mg p.o. before meals and at bedtime p.r.n. nausea.
20. Oxygen 2 liters a minute or as needed to maintain an oxygen saturation of 92%.

Discharge diet: Regular.

Discharge activities: As tolerated. The patient needs physical therapy for her fractures.

Disposition: The patient is being transferred for short-term rehabilitative care.


Ralph Binder, M.D.

TR: htsmu
DD: 06/21/2007 08:12:00 am
DT: 06/21/2007 09:30:36 am
Job#: 77666

<Electronically signed by Ralph Binder MD>

**LAWRENCE HOSPITAL CENTER**
55 Palmer Avenue
Bronxville, New York 10708
Radiology Department

**Patient Name:** KELLY,JOYCE
**Ordering Dr:** Mcmahon, Patrick MD
**Account #:** V00027272350

**Med Rec #:** L000573201
**Date of Birth:** 07/01/1940
**Trans Date:** 06/18/07 0925
**Report #:** 0618-0033
**Location:** L5S  L526-A

**Exam Date** 06/15/07
**Exam:** CT PELVIS WO CONT
**Order #:** CT20070615-0017

Exam: CT scan of the pelvis.

Clinical Indication: Right-sided pelvic pain status post injury.

Description:

Axial images of pelvis were obtained : Sagittal and coronal reformats were performed.

There is anterior spondylolisthesis of L4 on L5. On the most superior axial images there appears to be sclerosis of the L4 vertebral body which is felt to represent a mild compression deformity.

There is a large circumferential disc bulge at L4-L5 with a broad-based disc protrusion to the right indenting the right anterior aspect of the thecal sac and together with facet joint degenerative changes causing a moderate stenosis.

There is a nondisplaced right sacral alar fracture with surrounding bone marrow edema. There is also a fracture of the right superior pubic ramus, the right inferior pubic ramus, the right symphysis pubis, and the left symphysis pubis. Soft tissue edema is seen over the right gluteus maximum muscle. A Foley catheter is seen.

Impression:
1. Probable compression fracture the superior endplate of L4.
2. Right sacral alar fracture.
3. Fracture of the right superior and inferior pubic rami.
4. Fracture of the symphysis pubis bilaterally.
5. Circumferential disc bulge at L4-L5 with disc protrusion to the right impinging the right anterior aspect of the thecal sac and causing moderate stenosis.

***Electronically Signed***

-----------------------------------------------
Susan Cushin MD

Report cc:

**COHEN & KRAMER, M.D., P.C.**

ORTHOPAEDIC SURGERY   TOTAL JOINT REPLACEMENT
SPORTS MEDICINE
JEFFREY COHEN, M.D.
MARK KRAMER, M.D.
1 PONDFIELD ROAD
BRONXVILLE, NEW YORK 10708
(914)337-5956  Fax (914)337-6055

October 3, 2007

**Re:** Joyce Kelly
**Date of Accident:**     June 14, 2007

**History of Present Illness:**  The patient states that she fell at Home Depot in Yonkers, New York sustaining an injury to her pelvis and lower spine for which she was admitted to Lawrence Hospital in Bronxville, New York. She was diagnosed with the fracture of the pelvis and fracture of the lower spine and was transferred to Greene Rehab Facility and was there for 8-9 weeks.  She returned home and in her home fell going to her bed, went back to the emergency room at Lawrence Hospital with multiple abrasions in the right lower extremity, right elbow, and right forearm.  She presents to me today for orthopedic consultation.

**Past Medical History:**   Corrective glasses, hypertension, and pulmonary disease.

**Surgeries:**  Gallbladder and hysterectomy.

**Allergies:** BENADRYL.

**Medications:**  Accupril, Plavix, prednisone, and Percocet for pain.  She does use nasal oxygen on a symptomatic basis.

**Social History:**  No use of drug, alcohol, or tobacco at this time.  She stopped smoking on or about the time of her June 2007 accident.

**Work History:** Retired.

**COHEN & KRAMER, M.D., P.C.**

ORTHOPAEDIC SURGERY    TOTAL JOINT REPLACEMENT

SPORTS MEDICINE

JEFFREY COHEN, M.D.

MARK KRAMER, M.D.

1 PONDFIELD ROAD

BRONXVILLE, NEW YORK 10708

(914)337-5956  Fax (914)337-6055

**Re:**  Joyce Kelly

October 3, 2007

Page 2

<u>**Review of Systems:**</u>

**Lymphatics:**  There is no history of adenopathy or diseases of the lymphatics.

**Skin System:**  There is no history of skin rash or disease of the skin.

**HEENT System:**  There is no history of disease of the head, eyes, ears, nose or throat.  History of chronic or recurrent headaches, blurring of vision or changes in visual acuity are absent.  History of chronic sinus infections and chronic epistaxis are denied.  The patient denies mouth sores, a loss or change of taste or dry mouth.

**Cardiovascular:**  The cardiac history is unremarkable.  There is no history of angina pectoris, myocardial infarctions or valvular disease.  The patient denies a history of chest pain, palpitations or rapid heart rate.  There is a negative history for syncope, swollen ankles or feet.  A history of rheumatic fever is denied.

**Endocrine:**  There is no history of heat or cold intolerance, polydipsia, polyphagia or polyuria.

**Central Nervous System:**  The patient describes no change in ability to remember things or in concentration.  There has been no loss of coordination, no paresthesias, and no weakness or loss of motor strength. The patient denies a history of sleep disturbance and denies having unusual emotional changes or mood swings.

SmartMD    Phone: 866-791-0222 / 877-295-8931    Email: support@smartmd.com    Date: CH FAX 10/10/2007 1:16:17 PM    3/1

**COHEN & KRAMER, M.D., P.C.**
ORTHOPAEDIC SURGERY    TOTAL JOINT REPLACEMENT
SPORTS MEDICINE
JEFFREY COHEN, M.D.
MARK KRAMER, M.D.
1 PONDFIELD ROAD
BRONXVILLE, NEW YORK 10708
(914)337-5956    Fax (914)337-6055

Re:  Joyce Kelly
October 3, 2007
Page 3

## Physical Examination:

The patient is a 67-year-old right-hand-dominant female, standing 5 feet 2 inches, and 95 pounds, ambulatory with the a walker with impaired ambulation.

**Examination of the Lumbar Spine:**   Forward flexion, extension, and rotation are all markedly restricted with pain over the lumbosacral ligament complex.

**Pelvis:**  Tender range of motion.  Pelvic compression test is positive on the right.  Tenderness range of motion of the right hip.

Abrasion to the right elbow and right forearm, 3 x 3 cm and 2 x 2 cm respectively which is oozing blood.  A 3 x 3 cm abrasion over the fibular neck on the right lower extremity oozing blood.

## Impression:  Multiple traumas.

**Treatment Plan:**  The patient is started on Silvadene cream to be applied to all abrasions once a day by her husband with gloves.  She is started on Levaquin 500 mg p.o. daily with meal for antibiotic coverage.  She will obtain all testing that has been done to evaluate the spine and pelvis fractures.  Reevaluation here at one week.

If you have any further questions, please feel free to contact this office.

**COHEN & KRAMER, M.D., P.C.**

ORTHOPAEDIC SURGERY    TOTAL JOINT REPLACEMENT
SPORTS MEDICINE
JEFFREY COHEN, M.D.
MARK KRAMER, M.D.
1 PONDFIELD ROAD
BRONXVILLE, NEW YORK 10708
(914)337-5956    Fax (914)337-6055


Re:  Joyce Kelly
October 3, 2007
Page 4

Thank you.


JC:zv:rp                                    Jeffrey Cohen, M.D.

*Dictated but not verified, subject to dictation/transcription variance.*

*"I am a physician licensed to practice medicine in the State of New York, I declare under the penalties of perjury, that the information contained within this document was prepared and is the work product of the undersigned, and is true to the best of my knowledge and information according to CPLR 2106."*